43638. BRITT v. CITY OF GAINESVILLE.

PANNELL, Judge. The defendant was tried in the Recorder's Court of the City of Gainesville for the alleged violation of a city ordinance prohibiting the blocking of a public crossing by a railroad train, or car, or locomotive, and was found guilty. The case was certioraried to the superior court and

the judge of the superior court sustained the action of the trial judge. The defendant appealed from that ruling to this court. The defendant in the court below based his defense in part upon the Act approved April 8, 1965 (Ga. L. 1965, pp. 645, 646; *Code Ann.* § 94-517) which provides: "Section 1. No member of a train crew, yard crew or engine crew of a railroad, which is a common carrier, shall be held personally responsible or found guilty of violating any State laws or of any municipal ordinances regulating or intended to regulate the occupying or blocking of any street, road or highway crossing-at-grade by trains or passenger or freight cars upon reasonable proof that the occupying or blocking of said street, road or highway crossing-at-grade was necessary to comply with the orders or instructions either written or oral of his employer or its officers or supervisory officials; provided, however, that the provisions of this Act shall not relieve the employer or railroad from any responsibility placed upon said employee or railroad by any such State laws or by such municipal ordinances. Section 2. All State laws or parts of State laws and all municipal ordinances or parts of municipal ordinances in conflict with the provisions and intent of this Act to the extent of such conflict are hereby amended, superseded, and repealed."

The evidence authorized the following findings of fact: that one car of a string of cars blocked the crossing in question far beyond the time permitted by the ordinance, and that there was sufficient space on the track to place the cars without blocking the crossing. A switching crew, composed of a conductor, who was in charge and who directed the placing of the cars, the engineer, who is the defendant, a flagman and a brakeman, was operating in the area, and this particular crew was operating the switching procedures which resulted in the blocked crossing. Two methods of placing a car or cars were used. In one method the car or cars were cut loose from the locomotive while in motion and were permitted to roll into place and stopped by hand brakes operated by the brakeman. In the other method the car or cars were not uncoupled until placed by stopping the locomotive with the car or cars attached. In both methods the engineer operated the locomotive by hand signal instructions from either the conductor, the flagman or the brakeman, and when sufficient cars were attached to the locomotive, could not even see the car or

cars being switched or placed. The evidence does not disclose which method was used or who gave the signals as to the particular cars involved on the crossing here. *Held:*

1. All this evidence shows is that it is *possible* that the engineer halted the car on the crossing resulting in its blockage. It also shows with *equal possibility* that a brakeman, or possibly a flagman, might have halted the car on the crossing without the knowledge of, and without instructions from the defendant. Under these circumstances, the City of Gainesville failed to carry the burden of proving the defendant guilty beyond a reasonable doubt.

2. The conviction of this defendant for violation of the ordinance being unauthorized by the evidence, without resorting to an application of the Act of 1965, supra, we do not determine whether or not the constitutionality of the Act of 1965, supra, was properly raised in the trial court by the prosecution and whether or not the judge of the superior court erred in holding the statute unconstitutional or whether a "defense" under the statute was proven.

3. The trial court erred in overruling the defendant's petition for certiorari.

*Judgment reversed. Jordan, P. J., and Deen, J., concur.*
SUBMITTED MAY 8, 1968—DECIDED JUNE 5, 1968—
REHEARING DENIED JUNE 21, 1968—

*Robinson, Thompson, Buice & Harben, Emory F. Robinson,* for appellant.

*R. Elliott Dunn, Solicitor, Kenyon, Gunter, Hulsey & Sims, William B. Gunter, Edgar H. Sims, Jr.,* for appellee.